**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

ROGER SEDLAK, et al.,

       Plaintiffs,

                                          Case No. 12-14100
v.                                        Hon. Lawrence P. Zatkoff

VERNAL SIMMS, et al.,

       Defendants.

_____/

**OPINION AND ORDER**

AT A SESSION of said Court, held in the United States Courthouse,
in the City of Port Huron, State of Michigan, on  May 17, 2013

PRESENT: THE HONORABLE LAWRENCE P. ZATKOFF
UNITED STATES DISTRICT JUDGE

**I. INTRODUCTION**

Plaintiffs submitted their *pro se* complaint [dkt 1] on September 14, 2012, and their application to proceed *in forma pauperis* [dkt 4] on April 26, 2013.[1]  For the following reasons, Plaintiffs' request to proceed *in forma pauperis* is DENIED and Plaintiffs' *pro se* complaint is DISMISSED.

**II.  ANALYSIS**

**A. Plaintiff's Request to Proceed *In Forma Pauperis***

Plaintiffs have filed an application to proceed without prepayment of fees.  Under 28 U.S.C. § 1915(a), "any court of the United States may authorize the commencement, prosecution or defense of any suit, action or proceeding . . . without prepayment of fees or security therefor, by a person who submits an affidavit that includes a statement of all assets such prisoner possesses that the person is unable to pay

---

[1] The Court dismissed Plaintiffs' *pro se* complaint on January 10, 2013, for failure to pay the filing fee.  On May 17, 2013, the Court reinstated Plaintiffs' case.

such fees or give security therefor." The reference to assets of "such prisoner" is likely a typographical error; thus, § 1915(a) applies to all natural persons. *See Floyd v. U.S. Postal Serv.*, 105 F.3d 274 (6th Cir. 1997). If a motion to proceed without prepayment of fees is filed and accompanied by a facially-sufficient affidavit, the Court should allow the complaint to be filed. *See Gibson v. R.G. Smith Co.*, 915 F.2d 260, 261 (6th Cir. 1990) (citing *Phillips v. Carey*, 638 F.2d 207, 208 (10th Cir. 1981)). Only after the complaint is filed is it tested to determine whether it is frivolous or fails to state a claim. *See id.* at 261. The Court has reviewed Plaintiffs' application and has determined that they are not entitled to proceed *in forma pauperis*. The financial information in the application does not indicate that Plaintiffs are unable to pay the filing fee; therefore, the Court DENIES Plaintiffs' application to proceed *in forma pauperis* [dkt 4].

**B. Review of Plaintiffs' Complaint**

Upon considering a plaintiff's request to proceed *in forma pauperis*, the Court performs a preliminary screening of the complaint under several provisions of the United States Code. Pursuant to 28 U.S.C. §§ 1915A, 1915(e), and 42 U.S.C. § 1997e(c)(1), the Court is to *sua sponte* dismiss the case before service on Defendant if it determines that the action is frivolous or malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief against a defendant who is immune from such relief. The Court has a duty to construe a *pro se* plaintiff's pleadings liberally, *see, e.g.*, *Haines v. Kerner*, 404 U.S. 519 (1972), but in doing so, it will not re-write a deficient complaint or otherwise serve as counsel for that plaintiff. *See GJR Invs, Inc. v. County of Escambia, Fla.*, 132 F.3d 1359, 1369 (11th Cir. 1998).

Apart from its screening duty under 28 U.S.C. § 1915(e)(2), the Court is required to dismiss an action at any time if it lacks subject-matter jurisdiction. *See* Fed. R. Civ. P. 12(h)(3). *See also FW/PBS, Inc. v. City of Dallas*, 493 U.S. 215, 231 (1990) (stating that a federal court is always "under an

independent obligation to examine [its] own jurisdiction"); *Wagenknecht v. United States*, 533 F.3d 412, 416 (6th Cir. 2008) ("A district court may *sua sponte* dismiss an action when it lacks subject-matter jurisdiction."). A federal court may not entertain an action over which it has no jurisdiction. *See Ins. Corp. of Ir. Ltd. v. Compagnie des Bauxites de Guinee*, 456 U.S. 694, 701 (1982).

Here, even under the most liberal standards afforded to *pro se* litigants, Plaintiffs' complaint must be dismissed because the Court lacks subject-matter jurisdiction. Although it is not entirely clear what cause(s) of action(s) Plaintiffs are alleging, it appears that Plaintiffs are asserting claims of professional malpractice and negligence, both of which are grounded in state law. Without even considering the legal viability of either claim, Plaintiffs' complaint suffers from a fundamental deficiency—the failure to properly establish that this Court possesses subject-matter jurisdiction. In other words, because Plaintiffs have failed to plead a federal cause of action, and because the parties in this case are not completely diverse under 28 U.S.C. § 1332(a), the Court has no jurisdictional basis to entertain this case. As such, the Court dismisses Plaintiffs' complaint.

### III. CONCLUSION

Accordingly, IT IS HEREBY ORDERED that Plaintiff's request to proceed *in forma pauperis* [dkt 4] is DENIED.

IT IS FURTHER ORDERED that Plaintiff's *pro se* complaint [dkt 1] is DISMISSED for lack of subject-matter jurisdiction under Fed. R. Civ. P. 12(h)(3).

s/Lawrence P. Zatkoff
Hon. Lawrence P. Zatkoff
U.S. District Judge